120 N.J. Super. 1 (1972)
293 A.2d 211
SIDNEY L. BRODY, PLAINTIFF-APPELLANT,
v.
CITY OF MILLVILLE AND AIRWORK SERVICE DIVISION OF PACIFIC AIRMOTIVE, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1972.
Reargued May 1, 1972.
Decided June 29, 1972.
*2 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Anthony D. Buonadonna argued the cause for appellant (Messrs. Tuso and Gruccio, attorneys).
Mr. Edward S. Miller argued the cause for respondent (Messrs. Gant & Miller, attorneys).
*3 PER CURIAM.
The salient facts, principally derived from a stipulation between the parties, and the rationale underlying the entry of summary judgment for the defendants are to be found in the opinion of the Law Division at 114 N.J. Super. 94 (Law Div. 1971).[*]
It may be seen therefrom that the City of Millville proposes to construct facilities upon lands owned by it and comprising a portion of its municipal airport by means of municipal bond financing. It then proposes to lease this building to a commercial enterprise.
Appellant's principal contention is that such construction and bond issue (as contrasted with simply leasing the land) is illegal unless the building thus to be erected is for an airport purpose, or perhaps, some other public purpose. We agree. N.J.S.A. 40:8-1; N.J. Const., Art. 8, § 3, par. 2 and 3. We do not disagree with the trial judge that N.J.S.A. 40:60-42 expressly permits a municipality to lease any land or building not presently needed for public use. But to the extent that he believed this statute alone or coupled with the lack of a prohibition in N.J.S.A. 40:8-1 authorized the appropriation of money or pledge of the municipal credit for the erection of a building to be leased to and strictly for the benefit of a private enterprise, we think he erred. It is our view that N.J.S.A. 40:60-42, when read in pari materia with the constitutional provisions cited, contemplates, with respect to buildings, only existing buildings.
But we also believe that the lessee, in its corporate business which includes in substantial part the repair of aircraft engines, was sufficiently engaged in "airport purposes" that it can easily be said the erection of the building by the municipality and the lease to this corporation comes within *4 the grant of authority of N.J.S.A. 40:8-1. The stipulations expressly detail or obviously suggest that the business of repairing aircraft engines is dependent enough upon the availability of an airport to constitute that business an airport purpose. In the instant matter, one of the businesses serviced by the lessee bases its aircraft at this particular airport. Additionally, the airport facility thus provides, among its other services to the public, a facility for receiving aircraft with emergent problems. More significantly, perhaps, users of the airport have an at-hand repair facility available. This latter capability suggests that such a repair facility is no less an airport purpose than are facilities for fueling and maintaining transient aircraft. While the demand for the latter may be more frequent, the purpose is not more airport associated. Airport purposes are not circumscribed by the embarkation and disembarkation of passengers and freight. They must include as well consideration for facilities requisite to the industry.
Nor does it derogate from our view that not all engines for repair are flown in, or that the lessee is not totally engaged in this endeavor. It is sufficient if some substantial part of its business is dedicated to the statutorily required airport purposes. In this respect it is to be observed in the last fiscal year prior to the stipulation forming a part of this record, 57% of the work of the lessee was derived from aircraft flying into its hanger facility.
With respect to appellant's contention that the lease should be declared void by reason of inadequate consideration, under the circumstances of this case, we are in accord with the trial judge's rejection of this argument.
Affirmed.
NOTES
[*] Questions of fact and law are sufficiently common to this action and Millville v. Cumberland County Board of Taxation; Vineland v. Millville, Docket No. A-178-71, that final arguments were consolidated, and the parties stipulated that the records in both were to be considered in each.